UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CORLISS BEST JORDAN,

               Plaintiff,

        -against-

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

26-CV-2016 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Corliss Best Jordan, who alleges that he is a citizen of the State of Georgia but provides a New York address for himself, brings this action *pro se*. By order dated March 27, 2026, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court directs Plaintiff to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**BACKGROUND**

Plaintiff has filed multiple complaints in this action. In the original complaint, filed on March 11, 2026, Plaintiff invoked the court's diversity of citizenship jurisdiction, and named the United States Government as the sole defendant. In the complaint, Plaintiff alleged that in 2000, in Chatham County, Georgia, Defendant committed "[m]edical fraud" by failing to "ensure the accuracy of [his] longitudinal disability history by documenting fraudulent medical information regarding an asthma diagnosis" which resulted in "work ability limitations" and "potential denial" of his applications for Social Security Disability Insurance and Supplemental Security Income. (ECF 1, at 4.) He sought $2.5 billion in damages.

On March 18, 2026, Plaintiff filed a "motion for leave to file an amended complaint" in which he sought leave to file an amended complaint to increase his demand for damages, and in which he suggested that he was asserting claims for "medical malpractice and negligence" under the Federal Tort Claims Act. (ECF 6, at 1.)

On March 24, 2026, Plaintiff filed an amended complaint using this court's Complaint for Judicial Review of a Final Decision of the Commissioner of Social Security form.[1] (ECF 7.) Relying on the template language in that complaint form, Plaintiff sues the Commissioner of Social Security, and he seeks to challenge a final decision of the Commissioner under 42 U.S.C. § 405(g). Plaintiff, however, does not state the date of the Administrative Law Judge's decision denying his claim, the date of the Appeals Council letter, or the date on which he received the Appeals Council letter. (*See* id. at 2.) He also does not attach a copy of the Appeals Council's letter, as directed by the complaint form.

---

[1] Because Plaintiff's amended complaint includes his full Social Security number, the Court has directed the Clerk of Court to restrict electronic access to that document.

On April 1, 2026, Plaintiff filed a "motion to add parties," in which he seeks leave to add additional parties, including Savannah (Georgia) Technical College, Savannah (Georgia) Police Department, Voya and Metlife Insurance Companies, and the New York Department of Social Services, and suggests that he intends to assert claims under a wide variety of federal statutes. (ECF 9.)

## DISCUSSION

Based on the documents Plaintiff has filed in this action, it is unclear whether he is attempting to assert claims under state law, as he states in the original complaint, the FTCA or other federal statutes as he references in his motions, or whether he is seeking review of a final decision of the Commissioner of Social Security, as he does in the amended complaint. Because the amended complaint is the operative pleading, the Court will confine its analysis to that document. For the reasons set forth below, the Court directs Plaintiff to file a single second amended complaint that either cures the deficiencies with his Social Security claims, as detailed below, or states the jurisdictional basis of his claims and alleges facts supporting all claims Plaintiff seeks to assert against all named defendants.

## A.    Social Security claims

The Social Security Act permits claimants to seek review in federal court of a "final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was party." 42 U.S.C. § 405(g). If a complaint does not contain allegations showing that there has been a final decision, then it does not satisfy the requirements for jurisdiction under Section 405(g). *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) ("The statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'").

3

The "final decision" requirement has two elements. The first is the requirement that a claim for benefits be presented to the Commissioner of Social Security ("Commissioner"). The second is the requirement that the administrative remedies of the Social Security Administration ("SSA") be exhausted. *Abbey v. Sullivan*, 978 F.2d 37, 43 (2d Cir. 1992) (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)). To exhaust the administrative review process, a plaintiff must: (1) receive an initial determination concerning the computation of benefits; (2) seek reconsideration; (3) request a hearing before an administrative law judge ("ALJ"); and (4) request that the Appeals Council review the ALJ's decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(1)-(5). When the Appeals Council issues a final decision, the plaintiff's administrative remedies have been exhausted, and the plaintiff may seek review of that decision in a federal district court.[2]

A plaintiff's failure to exhaust may be excused, either by the Commissioner or, under limited circumstances, by the courts. *City of New York v. Heckler*, 742 F.2d 729, 736 (2d Cir. 1984). But "exhaustion is the rule, waiver the exception." *Abbey*, 978 F.2d at 44. Courts look to the following factors to excuse failure to exhaust: "(1) that the claim is collateral to a demand for benefits; (2) that exhaustion would be futile; and (3) that plaintiff[ ] would suffer irreparable harm if required to exhaust administrative remedies." *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) (citing *Abbey*, 978 F.2d at 44).

Plaintiff's amended complaint suggests that Plaintiff did not exhaust his administrative remedies or receive a final decision from the Commissioner regarding his claims for benefits.

---

[2] "[I]f . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision." *Sims v. Apfel*, 530 U.S. 103, 107 (2000). "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." *Id.*

Plaintiff also does not set forth facts demonstrating that any failure to exhaust should be excused. Because Plaintiff does not allege facts showing that this Court has jurisdiction under Section 405(g) to hear his claims, his claims under Section 405(g) cannot proceed at this time.

Second Circuit precedent is clear that "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks omitted). Because the nature and viability of Plaintiff's claims under Section 405(g) are not clear, to the extent Plaintiff seeks to assert claims under Section 405(g), the Court grants Plaintiff leave to file a second amended complaint to allege facts showing that he exhausted his administrative remedies with the SSA before filing this action in federal court, or alleging facts showing that his failure to exhaust administrative remedies should be excused, consistent with the standards set forth above.

**B.    Leave to amend**

Plaintiff is granted leave to file a second amended complaint. If Plaintiff seeks review of a final decision of the Commissioner of Social Security, Plaintiff should use the attached complaint form for actions brought under Section 405(g), and:

a) provide the date of the ALJ's decision;

b) provide the date of the Appeals Council letter;

c) provide the date he received the Appeals Council letter; and

d) attach a copy of the Appeals Council letter to his amended complaint.

If Plaintiff has not exhausted his administrative remedies, he must include facts showing that his failure to exhaust his administrative remedies should be excused.

If Plaintiff did not intend that his amended complaint would replace the allegations in his original complaint, and instead, intended to assert claims under the FTCA or some other federal

statute or law, the Court grants Plaintiff leave to file a second amended complaint asserting those claims.

In either event, Plaintiff must submit a single second amended complaint that names all defendants he seeks to sue and alleges facts suggesting a viable federal claim against each named defendant. Because Plaintiff's second amended complaint will completely replace, not supplement, the original and amended complaints, any facts or claims that Plaintiff wishes to maintain must be included in the second amended complaint.

**CONCLUSION**

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Second Amended Complaint," and label the document with docket number 26-CV-2016 (LTS). No summons will issue at this time. If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse such failure, the Court will dismiss the action for failure to exhaust his administrative remedies, without prejudice to filing a new Social Security appeal after Plaintiff has exhausted his administrative remedies.

The Court denies Plaintiff's motion for leave to file an amended complaint and his motions to add parties as moot. (ECF 6, 9, 10.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 8, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge